UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MELVIN CURTIS, *pro se*,           :
                                    :
              Petitioner,           :
                                    :           **MEMORANDUM & ORDER**
         -against-                  :           12-CV-4906 (DLI)
                                    :
WARDEN T. BILLINGSEY,               :
                                    :
              Respondent.           :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On September 28, 2012, Melvin Curtis ("Petitioner"), proceeding *pro se*[1], filed the instant action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's habeas action broadly can be construed to assert the following two claims: (1) his guilty plea before this Court in the underlying federal case, Docket No. 06-cr-413[2], was involuntary because he was rendered ineffective assistance of counsel; and (2) he failed to receive federal credit toward his sentence for the time he served in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. (*See* Petition ("Pet."), Dkt. Entry No. 1.) The government opposes the petition in its entirety. (*See* Respondent's Opposition ("Opp."), Dkt. Entry No. 8.) For the reasons set forth below: (1) the voluntariness of Petitioner's guilty plea is dismissed as it is asserted improperly under § 2241; and (2) the petition is transferred to the United States District Court for the Southern District of New York ("SDNY") for consideration of Petitioner's federal prison credit claim.

---

[1] In reviewing petitioner's motion, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

[2] All references to "Docket No. 06-cr-413" are to the criminal case underlying the instant habeas petition.

## BACKGROUND[3]

On January 2, 1992, Petitioner was convicted of Robbery in the First and Second Degrees in violation of New York Penal Law Sections 160.15 and 160.10, respectively. (Opp. at Exhibit B, ¶¶ 75-76, Dkt. Entry No. 8-1.) Petitioner was sentenced to nine-to-eighteen (9 to 18) years' imprisonment. (*Id.*) Petitioner was paroled in 2001, re-incarcerated in 2002, paroled in 2003, re-incarcerated again in 2003, and paroled again on November 17, 2004, all for various New York State offenses. (*Id.*)

On January 24, 2006, Petitioner again was found in violation of the conditions of his New York State parole and taken into custody. (Opp. at Exhibit C, C6, Dkt. Entry No. 8-2.) On August 9, 2006, while he was still in New York State custody for the parole violation, Petitioner was transferred to the custody of the United States Marshals Service ("USMS") pursuant to a writ of habeas corpus *ad prosequendum*, and housed at the Metropolitan Detention Center ("MDC") in Brooklyn. (Opp. at Exhibit E.)

On February 9, 2007, while Petitioner was still housed at the MDC pursuant to the writ *ad prosequendum*, he pled guilty in this Court to conspiracy to distribute and to possess with intent to distribute cocaine base, committed between January 2003 and June 2006, in violation of 21 U.S.C. §§ 841, 846. (Opp. at 2; Superseding Indictment, Docket No. 06-cr-413, Dkt. Entry No. 155.) On April 23, 2008, this Court sentenced Petitioner to a prison term of 235 months followed by three years of supervised release with the recommendation that it run concurrently with his state sentence. (April 23, 2008 Minute Entry, Docket No. 06-cr-413, Dkt. Entry No. 376.) Petitioner currently is incarcerated at the Federal Correctional Institution ("FCI") in Otisville, New York. (Pet. at 2.)

---

[3] After an exhaustive review of Petitioner's criminal history, the Court finds that the recitation of facts contained in the government's response to the order to show cause is accurate. Therefore, the fact summary contained in the Background Section of this Memorandum & Order is largely taken from the government's response.

On May 5, 2008, Petitioner filed a notice of appeal in the Second Circuit Court of Appeals challenging his conviction and sentence. (Notice of Appeal, Docket No. 06-cr-413, Dkt. Entry No. 381.) On May 15, 2008, during the pendency of this appeal, the Petitioner was returned to state custody. (Opp., Exhibit E, Dkt. Entry No. 8-2.) On January 26, 2009, the Second Circuit dismissed Petitioner's appeal on the ground that it was barred by the waiver of appellate rights contained in Petitioner's plea agreement. (Mandate of USCA, Docket No. 06-cr-413, Dkt. Entry No. 425.) Petitioner did not file a petition for a writ of *certiorari* with the Supreme Court.

Upon satisfaction of the writ *ad prosequendum*[4] and Petitioner's return to state custody on May 15, 2008, Petitioner was charged with a second state parole violation for the acts underlying his federal conviction, which were committed while he had been on state parole between 2003 and 2006. (Opp. at Exhibit G, G5, Dkt. Entry No. 8-3.) On July 2, 2008, the New York State Division of Parole sentenced Petitioner to two months' imprisonment after finding he had violated his parole. (Opp. at Exhibit G.) On August 15, 2008, Petitioner completed his state parole violation sentence and was released on parole to the custody of the USMS to serve his federal sentence. (Opp. at Exhibit I, Dkt. Entry No. 8-3.)

The United States Bureau of Prisons ("BOP") determined that Petitioner's federal sentence of 235 months began running on August 15, 2008. (Opp. at 3.) Petitioner challenged the BOP's calculation of incarceration time and argued that he should have received credit for the time he was held at the MDC from August 9, 2006 to May 15, 2008. (*See* Pet.) On November 3, 2010, the BOP recalculated Petitioner's federal sentence to begin on April 23,

---

[4] A writ *ad prosequendum* orders the production of a prisoner in court for the purpose of standing trial." *Lugo v. Hudson*, 785 F.3d 852, 854 (2d Cir. 2015). "If a prisoner is serving a state sentence when he is produced for a federal prosecution, the writ temporarily transfers him to federal custody for prosecution but the state retains primary custody for the purpose of calculating his state sentence." *Id*. at 854-55.

2008, the date that this Court imposed sentence. (Opp. at 3-4.) However, Petitioner contends that he should be granted additional federal credit for the period from August 9, 2006, when the writ *ad prosequendum* transferred him from state to federal custody, to April 22, 2008, the day before this Court imposed the federal sentence. (*See* Pet.)

Petitioner further contests the legality of his guilty plea by alleging that his counsel induced him to accept a plea bargain by informing Petitioner that the Court would run his state parole time concurrent with his federal sentence. (Pet. at 3.) The government construes this argument as an ineffective assistance of counsel claim and contends that it should be dismissed as improperly asserted under § 2241. Moreover, the government counters Petitioner's claim for additional credit by arguing that this Court lacks the authority to adjudicate such a claim since Petitioner is not incarcerated within the Eastern District of New York.

## DISCUSSION

### I. Ineffective Assistance of Counsel Claim

Under Section 2241, federal prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas corpus review. 28 U.S.C. § 2241(c)(3). Under this habeas provision, federal prisoners may challenge the manner in which their sentence is implemented, as opposed to the underlying legality of the conviction. *See Carmona v. United States Bureau of Prisons*, 243 F. 3d 629, 632 (2d Cir. 2001). Thus, a Section 2241 petition is limited to challenges "to the execution of a sentence," which include challenges to "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Levine v. Apker*, 455 F. 3d 71, 78 (2d Cir. 2008). Indeed, Congress restricted the exercise of § 2241 jurisdiction with the passage of 28 U.S.C. § 2255, "such that federal prisoners challenging the legality of

4

their convictions or sentences must proceed by way of motion pursuant to" § 2255. *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003). However, the Second Circuit acknowledged in *Triestman v. United States* that § 2255 provides an exception to this restriction in its "savings clause":

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

124 F.3d 361, 373-74 (2d Cir. 1997) (quoting 28 U.S.C. § 2255). *Triestman* determined that the meaning of the term "inadequate and ineffective" in § 2255's savings clause referred to those cases "in which the petitioner cannot, for whatever reason, utilize § 2255, and in which failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377. "Where a *pro se* prisoner can still pursue a timely § 2255 motion, a district court may not construe an improperly filed § 2241 motion as a § 2255 motion without notice to the prisoner, who can then decide either to agree to the recharacterization or to withdraw his filing." *Cephas*, 328 F.3d at 104, n. 5.

Here, Petitioner's claim that he received ineffective assistance of counsel with respect to his guilty plea must be brought under a § 2255 motion because it falls within the scope of § 2255 and does not fit within the savings clause authorizing a petition under § 2241. However, this claim is time barred. "A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting

5

the claim(s) could have been discovered through the exercise of due diligence." *Torres v. United States*, 2012 WL 4646222, *1 (S.D.N.Y. Oct. 3, 2012). Furthermore, the Supreme Court has held that "a conviction becomes final when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)).

Since the Second Circuit dismissed Petitioner's appeal on January 26, 2009 and Petitioner did not seek *certiorari* to the Supreme Court, as the government correctly notes, the judgment of conviction became final on April 27, 2009. "Where a defendant does not seek Supreme Court review, a conviction becomes final when the time to seek such review expires, 90 days from the order affirming the conviction." *Gonzalez v. United States*, 792 F.3d 232, 234 (2d Cir. 2015). The April 27, 2009 date represents 90 days after the Second Circuit dismissed Petitioner's appeal. Therefore, Petitioner was required to file his § 2255 claim within one year of that date, that is, by April 27, 2010. Petitioner filed the instant action on September 28, 2012, more than two years after the one-year deadline imposed by § 2255(f). Accordingly, Petitioner's ineffective assistance of counsel claim is dismissed as untimely.

## II. This Court Lacks Jurisdiction to Consider Petitioner's § 2241 Petition

It is well settled in this Circuit that, "[i]n order for a court to entertain a habeas corpus action, it must have jurisdiction over the petitioner's custodian." *Billiteri v. United States Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976). "Thus, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 should be addressed to the district court in the district where the petitioner is confined and his custodian is located. *United States v. Maldonado*, 138 F. Supp. 2d 328, 332 (E.D.N.Y. 2001). Here, Petitioner is incarcerated at FCI-Otisville and his custodian is located

there as well, which is located within the jurisdiction of the SDNY. Therefore, Petitioner should have brought his § 2241 petition in the SDNY. Accordingly, this Court lacks authority to adjudicate the petition.

## CONCLUSION

For the reasons set forth above, Petitioner's request for relief based on ineffective assistance of counsel is denied. Petitioner is further denied a certificate of appealability with respect to this claim as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this portion of the Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

As this Court lacks subject matter jurisdiction over Petitioner's § 2241 claims against the BOP, due to his incarceration at FCI Otisville, the Clerk of Court is directed to TRANSFER this case to the U.S. District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1406(a), 2241(a). This Court takes no position as to the merits of this claim. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay is waived.

SO ORDERED.

DATED:  Brooklyn, New York
        March 31, 2016

_____/s/_____
DORA L. IRIZARRY
United States District Judge